UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>555 Fourth St., N.W.<br>**Washington, D.C. 20530,**<br><br>           Plaintiff,<br><br>   v.<br><br>**PROPERTY IDENTIFIED**<br>**BY THE ADDRESS OF**<br>1526 **SHELLFORD LANE**<br>**ACCOKEEK, MARYLAND,**<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)   **Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR FORFEITURE** *IN REM*

*COMES NOW,* plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint in a civil action *in rem* for defendant's forfeiture to plaintiff. As grounds wherefore, plaintiff respectfully states as follows:

**NATURE OF THE ACTION AND DEFENDANT** *IN REM*

1. **This is a civil action** *in rem* to forfeit and condemn to the use and benefit of plaintiff United States of America the defendant real property at the address of 1526 Shellford Lane, Accokeek, Maryland, and its appurtenances and improvements, including a building in the nature of a residence. Plaintiff brings this action pursuant to forfeiture provisions set forth in Title 18 United States Code, Section 981(a)(1)(A), and Title 21, United States Code, Sections 881(a)(6) & 881(a)(7). The defendant property is more fully described as:

    Situated in the 5th Election District, County of Prince Georges and
    State of Maryland: Lot No. 26, in block lettered "L", in the

subdivision known as "Plat 14, Simmons Acres", as per plat thereof recorded in plat book NLP 133 at Plat 30, among the land records of Prince Georges County, Maryland; being in the 5th Election District.

## JURISDICTION, VENUE, AND GOVERNING LAW

2. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred. This civil action *in rem* for forfeiture is governed by Title 21, United States Code, Section 881, Title 18, United States Code, Sections 981, 983, & 985, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## STATEMENT OF FACTS

3. Charissa Sabrina Brown and Marion D. Brown are listed as co-owners or joint title-holders of the defendant property.

4. Charissa Brown is the wife of Robert N. Brown, Jr., and Marion D. Brown is the mother of Robert N. Brown, Jr.

5. Since April 2001, law enforcement officers have gathered evidence to show that a man known as Robert N. Brown, Jr., and others unlawfully have conspired to manufacture and to distribute and possess with intent to distribute controlled substances, principally marijuana, within the District of Columbia, the State of Maryland, and elsewhere.

## ROBERT BROWN, JR.'S DRUG-RELATED ACTIVITIES

6. On April 22, 2001, police officers went to the house at 4306 Hartford Hill Drive, Marlow Heights, Maryland. Inside, officers found a large number of marijuana plants being grown

in the basement. The plants were being grown in a kind of farming operation in support of an unlawful marijuana-selling business.

7. From the house, police seized more than 400 marijuana plants, 28 grams of cultivated marijuana, and electrical equipment and other items commonly used to grow large numbers of marijuana plants indoors.

8. Shortly thereafter, officers saw Robert N. Brown, Jr., park a car in the house's driveway. In the car were two large high-intensity "grow" lights, which police recognized as being of a type often used to grow marijuana plants indoors in quantities large enough to sustain a high-volume business of unlawful drug sales.

9. In searching the car, police found four high-intensity "grow" lights, replacement light bulbs, and nearly five grams of marijuana. Police arrested Brown.

10. Based on his arrest on April 22, 2001, Robert N. Brown, Jr., pled guilty to unlawful possession of a controlled dangerous substance (marijuana) with intent to distribute, in violation of Maryland Code § 27-286 (codified at § 5-602 since 2002) in the Circuit Court of Prince Georges County, Maryland, in case number CT010637A. On November 8, 2001, Brown was sentenced to prison for five years, with eight months to be served in home detention and then the balance of the prison sentence suspended during a period of three years of probation.

11. Robert N. Brown, Jr. purchased the property at 3638 Warder Street N.W., Washington, D.C., a residential building, on March 20, 2002, at a price of $185,000. To finance this purchase, Brown obtained a $175,750 bank loan.

12. On November 8, 2004, law enforcement agents executed a search warrant at 3638 Warder Street N.W., Washington, D.C., and seized approximately 1200 marijuana plants from the

house there. As a result, police arrested a man, Atonze Pascal Efon, who said he was "house-sitting" for the place's owner, identified as Robert N. Brown, Jr.

13. Before November 8, 2004, Brown had allowed Efon to stay at the house at 3638 Warder Street, N.W., in exchange for Efon doing work for Brown. This work included installing electrical equipment used in growing marijuana plants. On one occasion, Brown had Efon move large "grow" lights and equipment from a residence in Fort Washington, Maryland, to the house at 3638 Warder Street, N.W., Washington D.C.

14. Brown came to the Warder Street residence almost daily to cultivate marijuana plants, which he then harvested and packaged there for sale.

15. Before November 2004, Brown arranged for Efon to install various electrical equipment and other items used for indoor marijuana growing at other houses in the metropolitan area of Washington, D.C., and Maryland. Efon installed for Brown at a residence at 5626 13th Street. N.W., Washington D.C., fans, vents, and other electrical equipment used to facilitate an indoor marijuana-growing operation.

16. Further, in 2003 and 2004, Brown involved family members and their friends in arrangements to use all or part of their residences to grow marijuana for sale in the metropolitan area of Washington, D.C. Brown also has used a number of houses in Washington, D.C., and Maryland to rotate the marijuana plants through their growing cycle and was the main caretaker for the marijuana plant-growing operation.

**DEFENDANT PROPERTY'S USE IN DRUG-RELATED ACTIVITIES**

17. On April 23, 2001, police officers executed a warrant to search the residential property at 1526 Shellford Lane, Accokeek, Maryland, which was Brown's home then, and which is the defendant real property in this forfeiture action.

18. Inside the house's basement, police found a "false" wall, which Efon had helped to install, hiding "grow" equipment of a type commonly used to "farm" large numbers of marijuana plants indoors. From the defendant property, police also seized more than 360 grams of suspected marijuana and $44,000 in cash.

19. On December 21, 2004, federal police agents executed a warrant to search the residence at 1526 Shellford Lane, Accokeek, Maryland, the defendant real property in this forfeiture action, which was still then Brown's home.

20. The agents found equipment associated with growing marijuana plants indoors, more than $3250 in cash, and a small amount of marijuana. Most of the indoor "grow" equipment had been hidden behind the false wall in the house's basement. Additionally, pursuant to this search warrant executed at 1526 Shellford Lane, agents seized a water and sewer bill addressed to Robert Brown at 3638 Warder Street, N.W., Washington, D.C., a phone service bill in the name of Robert Brown at 3638 Warder Street, N.W., Washington, D.C., and a mortgage statement for the property at 3638 Warder Street, N.W., Washington, D.C., in the name of Robert Brown.

**DEFENDANT PROPERTY'S PURCHASE AND LOAN PAYMENTS**

21. On February 26, 1998, Charrissa Brown and Marion Brown purchased the defendant real property for the sum of $232,850. The defendant property's purchase was financed by borrowing $174,637, secured by a mortgage against the property. The purchase loan and related mortgage were made on terms described as a "30-year conventional mortgage." In the period 2003-2005, monthly repayments against the defendant property's purchase loan and to discharge its mortgage were $1771.78, or about $20,000 total per year.

22.	Marion Brown, listed as the defendant property's co-owner with Charissa Brown, has worked for many years as a cashier at the Washington Hospital Center, and did so during the years 2003-2005. Marion Brown has never lived at the defendant property.

23.	In each of the years 2003-2005, Marion Brown earned income of $37,500 or less.

24.	Marion Brown has said that she does not usually provide money to anyone to repay the defendant property's monthly purchase loan charges and retire its mortgage.

25.	Marion Brown has said that, on occasion she has helped Robert N. Brown, Jr., and Charrissa Brown make such monthly purchase-loan payments for the defendant property, if Marion Brown had money left out of what she has called her "little pay" for her cashier job.

26.	Throughout the period of 2003-2005, Charissa Brown had four minor children, and Robert N. Brown, Jr., is their father. In these same years, Charissa Brown lived with her four children at the defendant property.

27.	Throughout the period of 2003-2005, Charissa Brown's only wages and salary were for employment by the U.S. federal government. In the period 2003-2005, Charissa Brown earned between $25,000 and $41,000 per year as a federal government employee. In this period, Charissa Brown's income from a lawful source other than her employment and income tax refunds did not exceed $1000.

28.	In the period of 2003-2005, Charissa Brown paid at least $45,000 against the purchase loan for the defendant property. In the same period, Charissa Brown paid at least $20,000 in state and local taxes, including real estate taxes for the defendant property.

29.	In the period 2004-2005, Charissa Brown maintained a chequing account with the financial institution once known as the Riggs National Bank, whose successor now is known as

PNCBank. In this period, Charissa Brown used funds in this account to repay the purchase loan for the defendant property.

30. In 2004, total deposits to Charissa Brown's PNCBank chequing account were at least $56,500.00. Of this amount, a total of at least $37,500 resulted from deposits made by cash, and the balance of almost $19,000 in deposits were made by cheque. Many of the deposits made by cheque were in amounts associated with Charissa Brown's pay for her job with the federal government.

31. In 2005, total deposits to Charissa Brown's PNCBank chequing account were at least $57,500. Of this amount, a total of at least $38,000.00 resulted from deposits made by cash, and the balance of at least $19,500.00 in deposits were made by cheque. Many of the deposits made by cheque were in amounts associated with Charissa Brown's pay for her job with the federal government.

## ROBERT BROWN'S INCOME AND MORTGAGE PAYMENTS

32. In the years 2002-2004, Robert N. Brown, Jr., did not report to the U.S. government that he had any income from a lawful source.

33. In the years 2002-2004, Robert N. Brown, Jr. paid at least $39,000 to repay loans for the purchase of the property at 3638 Warder Street, N.W., Washington, D.C.

34. The governments of the State of Maryland, the Commonwealth of Virginia, and the District of Columbia each maintain records of employment earnings by persons who worked at jobs in their jurisdiction in a given year ("wage records").

35. Maryland wage records state that Robert N. Brown, Jr., had earnings of $7250 in 2005. Virginia wage records do not show any earnings by Robert N. Brown, Jr., in 2005.

36. Robert N. Brown, Jr., has stated that he lived in 2005 at 1526 Shellford Lane, Accokeek, Maryland, which is the defendant property's address, Apartment B.

37. Marion D. Brown has said that she understands Robert Brown's only employment to be at his father's photography studio. Brown's father, Robert N. Brown Sr., has said that he does not employ Robert Brown and Robert Brown does not work at this photography studio. Robert Brown Sr., has said that, although Robert Brown occasionally helps at the studio, Robert Brown is not on the studio's payroll and has not received any significant compensation from the studio.

38. The proceeds of Robert Brown's conspiracy in Washington, D.C., and elsewhere, to distribute and possess with intent to distribute marijuana, which is a violation of the Controlled Substances Act, specifically, 21 U.S.C. §§ 841, 846, and a violation of the District of Columbia Code, Title 48, Sections 904.01 and 904.09, were deposited into the PNCBank account used by Charissa Brown to repay the defendant property's monthly purchase loan repayments.

## COUNT ONE

1. The factual statements made in paragraphs 3 through 38 are re-alleged and incorporated by reference herein.

2. Plaintiff brings this *in rem* civil action because 21 U.S.C. § 881(a)(7) makes subject to forfeiture to the United States and declares that no property right shall exist in "all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission" of, a violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq,* which is punishable by more than one year's imprisonment.

2. The defendant property has been used to commit and to facilitate the commission of one or more violations of the Controlled Substances Act, specifically, 21 U.S.C. §§ 841, 846, which are punishable by more than one year's imprisonment.

## COUNT TWO

1.  The factual statements made in paragraphs 3 through 38 are re-alleged and incorporated by reference herein.

2.  Plaintiff brings this *in rem* civil action because 21 U.S.C. § 881(a)(6) makes subject to forfeiture to the United States and declares that no property right shall exist in "all proceeds traceable" to an exchange of "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation" of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*

3.  The defendant property constitutes proceeds traceable to an exchange of money or other things of value for a controlled substances on one or more occasions in violation of the Controlled Substances Act, specifically, 21 U.S.C. §§ 841, 846.

## COUNT THREE

1.  The factual statements made in paragraphs 3 through 38 are re-alleged and incorporated by reference herein.

2.  Plaintiff brings this *in rem* civil action because 18 U.S.C. § 981(a)(1)(A) make subject to forfeiture to the United States any property, real or personal, that is involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956. Section 1956 prohibits the "laundering of monetary instruments." Unlawful conspiracy to distribute and possess with intent to distribute a controlled substance and unlawful distribution of a controlled substance are specified unlawful activities.

3.  The defendant property has been involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, because its purchase was made with money loaned by a financial institution, part of which has been repaid by financial transactions using the funds that are the proceeds of specified unlawful activities, that is, an unlawful conspiracy to distribute and possess

with intent to distribute a controlled substance and unlawful distribution of a controlled substance, and the payment of these proceeds is intended to promote the carrying on of the specified unlawful activity and to conceal or disguise their nature, location, source, ownership, or control.

**WHEREFORE,** the plaintiff prays that, as to the above-referenced defendant property, due process issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property, with appurtenances and improvements thereon, be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

/s/ _____
    A. T LOR, D.C. Bar No. 498610
    d States Attorney

/s/ _____
William R. Cowden, D.C. Bar No. 426301
Assistant United States Attorney

/s/ _____
Ba                                    288
Assistant            es
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
William.B.Wieganda,USDoJ.Gov (e-mail)

**VERIFICATION**

I, Craig D. Catanzaro, a sworn special agent of the United States Drug Enforcement Administration, an agency of the United States Department of Justice, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, that the foregoing Complaint for Forfeiture *In Rem* is based upon reports and information furnished to me or known by me and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on this _31^1_ day of _____, 2007.

_____
Cr.'  Catan o, Special Agent
States rug Enforcement Administration

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS<br>United States of America | DEFENDANTS Property Identified As:<br>1526 Shellford Lane<br>Accokeek, Maryland |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __11001__<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY) |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>William R. Cowden & W. Barry Wiegand<br>Asst. U.S. Attorneys, 555 4th St., N<br>Washington, DC 20530 | Case: 1:07-cv-00993<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 5/31/2007<br>Description: General Civil |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

### ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☒ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
21 U.S.C. Sections 881(a)(6) and 881(a)(7)
18 U.S.C. Section 981(a)(1)(A) Money Laundering Forfeiture

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $    Check YES only if demanded in complaint
JURY DEMAND: ☐ YES    ☒ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES    ☒ NO    If yes, please complete related case form.

DATE 5/31/07    SIGNATURE OF ATTORNEY OF RECORD  *Barry Wiegand*

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.