IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 07-00993 |
| | ) Judge Ellen S. Huvelle |
| 1526 SHELLFORD LANE, | ) |
| ACCOKEEK, MARYLAND, | ) |
| | ) |
|     Defendant | ) |

**ANSWER TO COMPLAINT FOR FORFEITURE IN REM**

    Claimants Charrissa Sabrina Brown and Marion D. Brown, through Kenneth D. Auerbach, their counsel, answer the Verified Complaint For Forfeiture In Rem ("Verified Complaint") as follows:

    1. Claimants do not dispute the contention in paragraph 1 of the Verified Complaint that this action is brought pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6) & 881 (a)(7). Claimants do not deny the description of the defendant property as described therein.

    2. Claimants admit the allegations of jurisdiction, venue, and governing law, as more fully described in paragraph 2 of the Verified Complaint.

    3. Claimants admit that Charrissa Sabrina Brown and Marion D Brown are co-owners or joint title holders of the defendant property as described in paragraph 3 of the Verified Complaint.

4. Claimants admit the allegations in paragraph 4 of the Verified Complaint.

5. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 5 of the Verified Complaint and therefore deny the allegations contained therein.

6. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 6 of the Verified Complaint and therefore deny the allegations contained therein.

7. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 7 of the Verified Complaint and therefore deny the allegations contained therein.

8. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 8 of the Verified Complaint and therefore deny the allegations contained therein.

9. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 9 of the Verified Complaint and therefore deny the allegations contained therein.

10. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 10 of the Verified Complaint and therefore deny the allegations contained therein.

11. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 11 of the Verified Complaint and therefore deny the allegations contained therein.

12. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 12 of the Verified Complaint and therefore deny the allegations contained therein.

13. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 13 of the Verified Complaint and therefore deny the allegations contained therein.

14. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 14 of the Verified Complaint and therefore deny the allegations contained therein.

15. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 15 of the Verified Complaint and therefore deny the allegations contained therein.

16. Claimants deny the allegations contained in paragraph 16 of the Verified Complaint.

17. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 17 of the Verified Complaint and therefore deny the allegations contained therein.

18. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 18 of the Verified Complaint and therefore deny the allegations contained therein.

19. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 19 of the Verified Complaint and therefore deny the allegations contained therein.

20. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 20 of the Verified Complaint and therefore deny the allegations contained therein.

21. Claimants admit purchasing the defendant property but have no knowledge of the truth or falsity of the financial details of that transaction and therefore deny the allegations contained in paragraph 21 of the Verified Complaint.

22. Claimants admit the allegation contained in paragraph 22 of the Verified Complaint.

23. Claimant Marion D. Brown admits the allegations contained in paragraph 23 of the Verified Complaint. Claimant Charrissa Sabrina Brown has no knowledge of the truth or falsity of the allegations contained in paragraph 23 of the Verified Complaint and therefore denies the allegations contained therein.

24. Claimant Marion D. Brown admits the allegation contained in paragraph 24 of the Verified Complaint.  Claimant Charrissa Sabrina Brown has no knowledge of the truth or falsity of the allegations contained in paragraph 24 of the Verified Complaint and

therefore denies the allegations contained therein.

25. Claimant Marion D. Brown admits the allegation contained in paragraph 25 of the Verified Complaint. Claimant Charrissa Sabrina Brown has no knowledge of the truth or falsity of the allegations contained in paragraph 25 of the Verified Complaint and therefore denies the allegations contained therein.

26. Claimants admit the allegations contained in paragraph 26 of the Verified Complaint.

27. Charrissa Sabrina Brown denies the allegations contained in sentences 1 and 3 of paragraph 27 of the Verified Complaint and admits the allegation contained in sentence 2 of paragraph 27 of the Verified Complaint. Claimant Marion D. Brown has no knowledge of the truth or falsity of the allegations contained in paragraph 27 of the Verified Complaint and therefore denies the allegations contained therein.

28. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 28 of the Verified Complaint and therefore deny the allegations contained therein.

29. Claimants admit the allegations contained in paragraph 29 of the Verified Complaint.

30. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 30 of the Verified Complaint and therefore deny the allegations contained therein.

31. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 31 of the Verified Complaint and therefore deny the allegations contained therein.

32. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 32 of the Verified Complaint and therefore deny the allegations contained therein.

33. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 33 of the Verified Complaint and therefore deny the allegations contained therein.

34. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 34 of the Verified Complaint and therefore deny the allegations contained therein.

35. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 35 of the Verified Complaint and therefore deny the allegations contained therein.

36. Claimants have no knowledge of the truth or falsity of the allegations contained in paragraph 36 of the Verified Complaint and therefore deny the allegations contained therein.

37. Claimant Marion D. Brown admits the allegation contained in the first sentence of paragraph 37 of the Verified Complaint but has no knowledge of the truth or falsity of the allegations contained in the remainder of paragraph 37 of the Verified

Complaint and therefore denies the allegations contained therein. Claimant Charrissa Sabrina Brown has no knowledge of the truth or falsity of the allegations contained in paragraph 37 of the Verified Complaint and therefore denies the allegations contained therein.

38.  Claimants deny the allegations contained in numbered paragraph 38 of the Verified Complaint.

39.  Claimants restate and reallege the contents of the numbered paragraphs of the Answer in response to the numbered paragraph 1 of Count One of the Verified Complaint.

40. Claimants deny the allegations contained in numbered paragraph 3 of Count One of the Verified Complaint.

41.  Claimants restate and reallege the contents of the numbered paragraphs of the Answer in response to the numbered paragraph 1 of Count Two of the Verified Complaint.

42. Claimants deny the allegations contained in numbered paragraph 3 of Count Two of the Verified Complaint.

43.  Claimants restate and reallege the contents of the numbered paragraphs of the Answer in response to the numbered paragraph 1 of Count Three of the Verified Complaint.

44. Claimants deny the allegations contained in numbered paragraph 3 of Count Three of the Verified Complaint.

### First Defense

45.  The Verified Complaint fails to state a claim upon which relief may be granted.

### Second Defense

46. Claimants are innocent owners whose interests are protected from forfeiture by law.

### Third Defense

47.  The undue delay between the alleged offense and the filing of the forfeiture action and the resulting pretrial delay of the forfeiture case violates Claimants' rights to a speedy trial of the forfeiture case.

### Fourth Defense

48. The disproportionality between the offense allegedly committed and the penalty of forfeiture of the entire residence as punishment violates the Eighth Amendment's Cruel and Unusual Punishment Clause and is therefore prohibited.

### Fifth Defense

49.  The government's use of civil forfeiture to seize and attempt to forfeit this residence is unconstitutional as applied to this case because it is clearly a punitive measure rather than a remedial one and therefore violates the Due Process Clause of the Constitution.

For the reasons stated, Claimants pray that this action be dismissed and such other and further relief as the court deems just and equitable.

**JURY DEMAND**

Claimants demand trial by jury on all issues.

Respectfully submitted,

/s/
Kenneth D. Auerbach
D.C. Bar No. 370469
8720 Georgia Avenue, Ste 704
Silver Spring, Maryland 20910
(301)585-5566

Counsel to Claimants

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing paper was served by electronic filing upon upon Assistant United States Attorney Barry Wiegand, Office of the United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Room 4822, Washington, D.C. 20530 on this the 17th day of September 2007.

/s/
Kenneth D. Auerbach