**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PROPERTY IDENTIFIED BY THE ADDRESS OF 1526 SHELLFORD LANE ACCOKEEK, MARYLAND,**<br><br>**Defendant.** | **Civil Action No. 07-0993 (ESH)** |
| **CHARISSA SABRINA BROWN,**<br><br>**and**<br><br>**MARION D. BROWN,**<br><br>**Claimants.** | |

**JOINT MOTION TO STAY AND SUPPORTING MEMORANDUM**

***COMES NOW***, plaintiff United States of America and claimants Charissa Sabrina Brown and Marion D. Brown, by and through their respective attorneys, the United States Attorney for the District of Columbia, and Mr. Kenneth Auerbach, Esq., to move jointly for a stay of proceedings in this civil forfeiture action until January 31, 2008. In support of this motion, the parties respectfully submit as an incorporated Memorandum of Law the points and authorities cited below:

I. **BACKGROUND**.

1. This is a civil forfeiture action *in rem* brought on the government's complaint that the defendant real property has ties to alleged drug-related and money-laundering crimes. See 21 U.S.C. §§ 881(a)(6), 881(a)(7), and 18 U.S.C. § 981(a)(1)(A) (authorizing forfeiture of property

based on links to particular crimes). Claimants are the defendant property's titled owners, and they have entered this action to oppose the forfeiture. Plaintiff and claimants are the only parties to this case, and it is too late for anyone else to enter it.

2. This civil forfeiture action is related to an on-going criminal investigation. That criminal investigation is likely to result in the filing shortly of a criminal case, which also will be related to this civil action. Although neither claimant now is the target of this investigation, the parties foresee that civil discovery in this case ineluctably will touch on matters of claimants's alleged knowledge, which the government deems crucial to the conduct of the related criminal investigation and prosecution of the related criminal case.

## II. GOVERNING LAW.

3. Title 18, U.S.C. § 981, authorizes the civil forfeiture of certain property based on its connection to various crimes, and § 981(g) authorizes a stay of civil forfeiture proceedings. Similarly, 21 U.S.C. § 881 authorizes civil forfeiture of property based on its connection to certain drug-related offenses, and § 881(i) authorizes a stay of civil forfeiture proceedings under the provisions of 18 U.S.C. § 981(g).

4. Subsection 981(g)(1) governs a stay on a motion by the United States, and § 981(g)(2) controls a claimant's motion for a stay. The United States may seek a stay if "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). A claimant may seek a stay if "continuation of the forfeiture proceeding will burden the right of the claimant against

self-incrimination in the related investigation or case." 18 U.S.C. § 982(g)(2).[1]

5. Although neither party has propounded formally any discovery, such as requests for admission or production of documents or notices of deposition, counsel have discussed these matters informally. Plaintiff accepts that there is a reasonable basis in fact and in law for claimants to assert that their rights against self-incrimination will be burdened by responding to the government's likely requests for civil discovery. Claimants acknowledge that their requests for discovery likely will affect adversely the government's ability to conduct a related criminal investigation or prosecute a related criminal case. Consequently, the parties both ask the Court to issue a stay of the proceedings in this action until January 31, 2008. In doing so, the parties also ask this Court to vacate its previous order setting a status conference for November 1, 2007, and requiring certain reports to be filed before then. If the Court grants this motion, the parties will submit by January 15, 2008, a joint motion to convene a status hearing in this action, or otherwise advise the Court when the stay may be dissolved and a new scheduling order entered.

6. Claimants's counsel, Mr. Auerbach, graciously has authorized undersigned plaintiff's counsel to make the representations in this motion, to file the motion jointly for both parties, and to indicate that Mr. Auerbach signs below. A proposed order granting this motion is attached.

***WHEREFORE***, plaintiff and claimant jointly pray this Honorable Court to grant this

---

[1] In order to seek a stay, a claimant also must (A) be the subject of a related criminal investigation or case; and, (B) have standing to assert a claim in the civil forfeiture proceedings. Plaintiff asserts that claimants have knowledge that is material to a related criminal investigation or case, as meant in 18 U.S.C. § 981(g)(4). For the purposes of this joint motion for a stay only, plaintiff also agrees that claimants have standing. But, plaintiff does not waive its right to contest that standing at a later stage of this action. See 18 U.S.C. § 981(g)(7) (court's determination that claimant has standing when seeking a stay does not preclude government from objecting to claimant's standing in dispositive motion or at time of trial).

motion, to stay proceedings in this matter, and to issue the attached proposed order.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/
Barry Wiegand, DC Bar #424288
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov (e-mail)
Counsel for Plaintiff United States

and

/s/
Mr. Kenneth Auerbach, Esq.
8720 Georgia Avenue, Suite 704
Silver Spring, Maryland 20910
301-585-5566 (office telephone)
KenAuerbach@PeoplePC.Com
Counsel for Claimants

I HEREBY CERTIFY that, before filing this Joint Motion To Stay And Supporting Memorandum and the attached proposed order, I obtained approval to do so from: Mr. Kenneth Auerbach, Esq., at KenAuerbach@PeoplePC.Com, 8720 Georgia Avenue, Suite 704, Silver Spring, Maryland 20910; 301-585-5566 (office telephone) on or before the close of business on the 24th day of October 2007.

/s/
Barry Wiegand
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-0993 (ESH)** |
| | ) | **ECF** |
| **PROPERTY IDENTIFIED** | ) | |
| **BY THE ADDRESS OF** | ) | |
| **1526 SHELLFORD LANE** | ) | |
| **ACCOKEEK, MARYLAND,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ______________________________________ | ) | |
| | ) | |
| **CHARISSA SABRINA BROWN,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MARION D. BROWN,** | ) | |
| | ) | |
| **Claimants.** | ) | |
| ______________________________________ | ) | |

**ORDER**

This matter came before the Court on the joint motion of the parties for a stay of the proceedings in this civil forfeiture action, pursuant to 18 U.S.C. § 981(g) and 21 U.S.C. § 881. Upon consideration of the representations in that motion, and the entire record herein, the Court determines that: (1) civil discovery will affect adversely the ability of the Government to conduct a related criminal investigation and prosecute a related criminal case; and, (2) claimants's rights against self-incrimination will be burdened in a related criminal investigation or case by continuation of the proceedings of this action, at least until January 31, 2008.[1] Therefore, it is by the Court this ____ day

[1] Based upon plaintiff's acknowledgment of these points, as this is limited in the joint motion, the Court also has determined for purposes of the stay motion that claimants are subjects of a related criminal investigation or case and have standing to assert a claim in this action.

of October 2007,

ORDERED, that the joint motion of the parties for a stay of proceedings in this action be, and the same hereby is, GRANTED; and it is further

ORDERED, that proceedings in this action be, and the same hereby are, STAYED, until further order of the Court; and it is further

ORDERED, that the Court's previous order of September 20, 2007, be, and the same hereby is, VACATED in its entirety, including all deadlines therein for various actions such as filing pleadings, and convening a further hearing on November 1, 2007, which is continued *sine die*; and it is further

ORDERED, that not later than January 15, 2008, the parties shall move the Court to convene a status hearing in this action, or otherwise advise the Court when the stay may be dissolved and a new scheduling order entered.

SO ORDERED.

______________________ ______________________________

Dated

ELLEN S. HUVLLE
United States District Judge

cc: Mr. Kenneth Auerbach, Esq.
8720 Georgia Avenue, Suite 704
Silver Spring, Maryland 20910
301-585-5566 (office telephone)
KenAuerbach@PeoplePC.Com

Barry Wiegand
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail); (202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov